LYONS, APPELLEE, v. NORTHWEST OHIO DEVELOPMENTAL CENTER;
RAFTER, SUPERINTENDENT, APPELLANT.
POSET, APPELLANT, v. BROADVIEW DEVELOPMENT CENTER, APPELLEE.

[Cite as Lyons v. Northwest Ohio Developmental Ctr. (1985),
17 Ohio St. 3d 250.]

(Nos. 84-1042 and 84-1513—Decided June 12, 1985.)

*Sandra Mendel,* for appellee in case No. 84-1042.

*Anthony J. Celebrezze, Jr.,* attorney general, and *William Scott Lavelle,* for appellant in case No. 84-1042.

*Sandra Mendel,* for appellant in case No. 84-1513.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Mary J. Maxwell,* for appellee in case No. 84-1513.

CLIFFORD F. BROWN, J. The sole question before this court is whether R.C. 124.34 mandates that the "appointing authority" be named as appellant in the notice of appeal to the common pleas court from the State Personnel Board of Review. We hold that it does not.

R.C. 124.34 provides in pertinent part:

"In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officers or employee may appeal from the decision of the state personnel board of review or commission to the court of common pleas of the county in which the employee resides * * *."

The Court of Appeals for Cuyahoga County held that the above language should not be construed to require that the appointing authority appeal an adverse decision of the board *in his or her own name.* For the following reasons, we agree.

R.C. 124.01(D) defines "appointing authority" as "* * * the officer, commission, board or body having the power of appointment to, or

removal from, positions in any office, department, commission, board or institution."

In the instant causes, the "appointing authority" is the superintendent of the respective facility. See R.C. 5123.09. In neither case was the superintendent named as the appellant in the notice of appeal. Our review of R.C. Chapter 124 reveals that this is not a fatal jurisdictional defect.

This court has repeatedly recognized that the core of statutory construction is legislative intention. See, *e.g., Ohio Assn. of Pub. School Emp.* v. *Twin Valley Local School Dist. Bd. of Edn.* (1983), 6 Ohio St. 3d 178, 181. Throughout R.C. Chapter 124, the General Assembly has repeatedly used the phrase "appointing authority" in a manner inconsistent with a strict application of its definition in R.C. 124.01(D). For example, R.C. 124.321(B) provides that "[e]mployees may be laid off as a result of a lack of funds within an appointing authority. * * *" R.C. 124.321(D) speaks of "* * * the organization or structure of an appointing authority * * *." R.C. 124.327(C) alludes to the employee's reinstatement rights "* * * within the employee's appointing authority * * *." Obviously the legislature was referring to the actual agency, department or institution and not to the officer, board or commission authorized to hire or fire employees. Thus, a strict construction of the term "appointing authority" limiting its meaning to the statutory definition would be hypertechnical and unjustified. We therefore reject the holding of the Court of Appeals for Lucas County to the effect that R.C. 124.34 grants legal authority solely to the superintendent to prosecute the instant appeal.

We are further persuaded by the consideration that an appellee in such cases is unlikely to be prejudiced, where the notice of appeal correctly identifies the order being appealed from and the parties to that order.

We hold therefore that R.C. 124.34 does not mandate that the appointing authority be named as the appellant in the notice of appeal to the court of common pleas from the State Personnel Board of Review. Accordingly, the judgment of the Court of Appeals for Cuyahoga County in case No. 84-1513 is hereby affirmed, while the judgment of the Court of Appeals for Lucas County in case No. 84-1042 is reversed, and the cause is remanded to the trial court in each case for further proceedings.

*Judgment accordingly.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES and WRIGHT, JJ., concur.

DOUGLAS, J., dissents.